IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELLIOTT K. HAWORTH and DALLAS R. BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>Defendants. | 8:19-CV-46<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' motion (filing 28) to strike evidence (filing 23) filed by the defendants in support of their motion to dismiss (filing 21), or in the alternative, to convert the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), and then deny the motion and order discovery pursuant to Fed. R. Civ. P. 56(d). The plaintiffs' motion to strike or convert will be denied.

The plaintiffs' complaint alleges class action claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq. See* filing 1 at 16-17. Briefly summarized, the complaint accuses the defendants of "robo-signing" affidavits in support of debt collection actions that purport to be based on the affiant's personal knowledge, but actually aren't. *See* filing 1 at 4-8. The defendants move to dismiss those claims. Filing 21, filing 24. In support, defendants Midland Credit Management and Midland Funding filed the following evidence:

- An order of the County Court of Douglas County, Nebraska in one of the plaintiff's debt collection cases (filing 23-1),
- One of the plaintiff's briefs opposing summary judgment in her debt collection case in the County Court of Sarpy County, Nebraska (filing 23-1 at 3-11), and
- The county court docket sheets for each of the plaintiffs' debt collection cases (filing 23-2 at 12-18).

The plaintiffs take issue with the index of evidence. First, they move to strike the evidence, relying on the proposition that when deciding a motion to dismiss under Rule 12(b)(6), courts typically look only to the pleadings. *Am. Family Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 n.4 (8th Cir. 2019). But Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because additional matters are submitted in support of the motion. *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015). And the plaintiffs' argument overlooks the well-established rule that the Court may take judicial notice of public records and may thus consider them on a motion to dismiss. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018); *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017); *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 903 (8th Cir. 2017); *Johnson v. Vilsack*, 833 F.3d 948, 952 (8th Cir. 2016); *Wieland v. U.S. Dep't of Health & Human Servs.*, 793 F.3d 949, 953 (8th Cir. 2015); *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015); *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1083 (8th Cir. 2014); *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012); *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *Katun Corp. v. Clarke*, 484 F.3d 972, 975 (8th

Cir. 2007); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999); *see Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

The state court materials offered here are matters of public record. *See Greenman*, 787 F.3d at 887; *Levy*, 477 F.3d at 991-92; *Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 899 (E.D. Mo. 2017); *Grunwald v. Midland Funding LLC*, 172 F. Supp. 3d 1050, 1052 n.1 (D. Minn. 2016); *see also Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 222 n.2 (E.D.N.Y. 2011); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 545 F. Supp. 2d 845, 847 (E.D. Ark. 2008), *aff'd,* 559 F.3d 772 (8th Cir. 2009). Accordingly, they may be considered on a motion to dismiss, and there is no basis to strike them. Similarly, there is no basis to convert the motion to dismiss into a motion for summary judgment.

The plaintiffs also ask for discovery. To the extent that request is concomitant with their Rule 56(d) motion, it will obviously be denied. The Court notes, however, that the plaintiffs' request overlooks the standard of review on a motion to dismiss: to the extent the plaintiffs think they need evidence to support the factual allegations of their complaint, *see* filing 29 at 4, they're mistaken, because the Court must accept as true all facts pleaded by the plaintiffs and grant them all reasonable inferences from the pleadings. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). No discovery is necessary for that.

IT IS ORDERED:

1.  The plaintiffs' motion to strike or in the alternative to convert (filing 28) is denied.

2.  The plaintiffs shall respond to the pending motions to dismiss (filing 21, filing 24) on or before May 2, 2019.

3.  The defendants may reply in support of their respective motions to dismiss on or before May 9, 2019.

Dated this 11th day of April, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge